Philip E. Smith, Esq. (SBN 117710)
psmith@sehlaw.com
Michael W. Ellison, Esq. (SBN 145832)
mellison@sehlaw.com
SMITH ♦ ELLISON
A Professional Corporation
18881 Von Karman Avenue, Suite 960
Irvine, California 92612
Telephone:      (949) 442-1500
Facsimile:      (949) 442-1515

Attorneys for Plaintiffs

Gregory D. Phillips (USB No. 4645)
gdp@prlawfirm.com
Jason P. Eves (USB No. 9094)
jpe@prlawfirm.com
PHILLIPS, RYTHER & WINCHESTER
124 South 600 East
Salt Lake City, UT 84102
Telephone:      801-935-4935
Facsimile:      801-935-4936

Attorneys for Plaintiffs
*(pending admission pro hac vice)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDI AG, a German corporation, VOLKSWAGEN AG, a German corporation and VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation, | Case No. |
| Plaintiff, | **VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | **1. Trademark Counterfeiting and Infringement (15 U.S.C. § 1114(1))** |
| ONUNWA KELECHI IWUAGWU, an individual, and OKIXTREME, a business of unknown origin doing business as AUDIBADGES.COM, AUTO ACCESSORIES, AUTOBADGES.COM, CHROMECARLETTERS.COM, EUROBADGEZ.COM, OKIXTREME.COM, and ZZPDECALS.COM, | **2. False Designation of Origin (15 U.S.C. § 1125(a))** |
| | **3. Trademark Dilution (15 U.S.C. § 1125(c))** |
| Defendants. | |

Plaintiffs Audi AG ("Audi"), Volkswagen AG, and Volkswagen Group of America, Inc. (collectively "Plaintiffs" or "Audi and VW") for their complaint against defendants Onunwa Kelechi Iwuagwu and Okixtreme doing business Auto Accessories, audibadges.com, Auto Accessories, autobadges.com, eurobadgesz.com, chromecarletters.com, okixtreme.com, and zzpdecals.com (collectively "Defendants"), allege as follows:

## NATURE AND SUBSTANCE OF THE ACTION

1.     This suit arises from Defendants' unauthorized misappropriation and counterfeiting of Audi's and VW's distinctive and world-famous trademarks. Defendants feature Audi's and VW's trademarks in nearly every aspect of their business, including without limitation, in domain names, business names and on the counterfeit goods they manufacture, and/or import and sell in the United States to convey the false impression that Defendants' goods are those of Plaintiffs or sponsored or licensed by Plaintiffs.

2.     This is an action for trademark counterfeiting, infringement, dilution, and cyberpiracy of Audi's and VW's federally-registered and world-famous trademarks, and for related claims based on Defendants' operation of a counterfeiting ring that manufactures, imports, promotes, advertises, distributes, and/or sells automotive grilles and badging bearing counterfeits of Audi's and VW's world-famous trademarks, including, but not limited to, the AUDI®, AUDI RINGS®, A3®, A4®, A5®, A6®, A7®, Q3®, Q5®, Q7®, Q7 LOGO®, QUATTRO®, R8®, RS LOGO™, S LOGO®, S4®, S5®, S LINE®, TT®, TT LOGO® AUDI GRILLE DESIGN®, VOLKSWAGEN®, VW LOGO®, VW®, BEETLE®, BUG®, CABRIO®, GLI®, GTI®, GOLF®, JETTA®, PASSAT®, ® (or R LINE FLAG), R LOGO®, R-LINE®, R LINE LOGO®, RABBIT®, RABBIT LOGO®, TDI®, TOUAREG®, VR6® and WOLFSBURG LOGO® trademarks.  Images depicting some of the infringing goods at issue are displayed below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Counterfeit GTI badge sold online at:*
http://okixtreme.com/vw_oem_badges.html

*Viewable online at:*
http://okixtreme.com/product_images/vw_badges_gti_r.jpg
(last visited August 24, 2017)



*Counterfeit RUNNING RABBIT DESIGN® sold online at:*
http://eurobadgez.com/vw_badges.html
(last visited August 24, 2017)



complaint.cmp.docx

3.

Verified Complaint For Damages And Injunctive Relief

1

*Counterfeit Audi Grille sold online at:*
http://audibadges.com/audi_rs_style_black_grills.html
(last visited on August 24, 2017)

2

3



14

15    3.    VW alleges claims for federal trademark counterfeiting and

16 infringement, false designation of origin or sponsorship, federal trademark dilution,

17 and cyberpiracy under Sections 32(1), 43(c), 43(a), and 43(d) of the United States

18 Trademark Act of 1946, as amended by the Trademark Counterfeiting Act of 1984

19 (15 U.S.C § 1116(d)), 15 U.S.C. §§ 1114(1), 1125(a), 1125(c) and 1125(d), (the

20 "Lanham Act").  Audi and VW seek preliminary and permanent injunctions

21 preventing Defendants from using Plaintiffs' trademarks, and counterfeits thereof,

22 and an order requiring Defendants to deliver all the counterfeit and infringing goods

23 and the means for manufacturing them for destruction, an equitable accounting, an

24 equitable disgorgement of all revenues and/or profits wrongfully obtained, statutory

25 damages, exemplary damages, as well as attorneys' fees and costs

26

27

28

complaint.cmp.docx                              4.

## THE PARTIES

4.    Audi AG is a corporation organized under the laws of Germany with its principal place of business in Ingolstadt, Germany, and is a subsidiary of Volkswagen AG.

5.    Volkswagen AG is a limited liability company organized under the laws of Germany with its principal place of business in Wolfsburg, Germany, and is the parent of Audi AG and Volkswagen Group of America, Inc.

6.    Volkswagen Group of America, Inc. is a New Jersey corporation with its principal place of business in Herndon, Virginia, and is a wholly owned subsidiary of Volkswagen AG.  Hereinafter, Volkswagen AG and Volkswagen Group of America, Inc. shall be referred to collectively as "VW" or "Volkswagen."

7.    Defendant Okixtreme is a business of unknown origin doing business as audibadges.com, Auto Accessories, Autobadges.com, chromecarlettering.com, eurobadgez.com okixtreme.com, and zzpdecals.com with its principal place of business located at 1600 Vine St, Hollywood, CA 90028, and all sharing the same telephone number, 323-804-6145.

8.    Defendant Onunwa Kelechi Iwuagwu is an individual and is believed to be the principal of Okixtreme and its related dba businesses.  Defendant Onunwa Kelechi Iwuagwu is a moving, conscious, and active force behind the infringing acts complained of herein, and actively participated in and approved the acts of infringement.  Audi and VW are informed and believe that defendant Onunwa Kelechi Iwuagwu resides in or near North Hollywood, California.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. § 1331.

10.    This action arises out of wrongful acts committed by Defendants that have been purposefully directed toward Plaintiffs, which acts have caused injury to

Verified Complaint For Damages And Injunctive Relief

Audi and VW in this judicial district.  Accordingly, this Court has personal

jurisdiction over Defendants with respect to the claims alleged in this action.

11.   Venue is proper under 28 U.S.C. § 1391(b) in that a substantial part

of the events giving rise to the claim occurred in this Judicial District.

## GENERAL ALLEGATIONS

### A.   Audi's Trademark Rights

12.   Audi is a world-famous automobile manufacturer that sells Audi

automobiles and genuine parts and accessories through a network of licensed Audi

dealerships. In addition to the physical car lots operated by its licensees, Audi also

operates various websites, including without limitation audiusa.com and

audicollectionusa.com, through which consumers can purchase genuine Audi parts,

automotive accessories and personal goods and accessories directly from Audi.

Audi's world-famous and distinctive trademarks symbolize the Audi brand and its

marketability, reputation and goodwill.

13.   Audi first registered AUDI® as a trademark with the United States

Patent and Trademark Office (or "USPTO") in 1960 (U.S. Reg. No. 0,708,352), and

has subsequently obtained numerous other registrations for that mark.  A true and

correct copy of the registration certificate for Audi's first registration of AUDI® is

attached to the Verified Complaint as Exhibit A.  A list of Audi's U.S. trademark

registrations for AUDI® and marks that include AUDI® is attached to the Verified

Complaint as Exhibit B.  Audi's registrations for the AUDI® mark are valid,

unrevoked, subsisting, and incontestable, and constitute prima facie evidence of

Audi's exclusive ownership of the AUDI® mark.

14.   Audi first registered the AUDI RINGS® trademark (U.S. Reg.

No. 0,906,525) with the USPTO in 1971, and has subsequently obtained numerous

other registrations for that mark.  A true and correct copy of Audi's first AUDI

RINGS® trademark is attached to the Verified Complaint as Exhibit C.  A table

including all of Audi's live registrations for the AUDI RINGS® and trademarks that

Verified Complaint For Damages And Injunctive Relief

include the AUDI RINGS® is attached to the Verified Complaint as Exhibit D. Audi's registrations for the AUDI RINGS® marks are valid, unrevoked, subsisting, and incontestable, and constitute prima facie evidence of Audi's exclusive ownership of the AUDI RINGS® marks.  An image depicting the AUDI RINGS® trademark as it appears on Audi vehicles is displayed below for reference:



15.    Additionally, Audi registered the AUDI GRILLE DESIGN® trademark (U.S. Reg. No. 4,499,913) which has obtained secondary meaning and was duly registered as a trademark on the principal register by the USPTO because it was found to have become synonymous with the AUDI® brand.  Audi's registration for the AUDI GRILLE DESIGN® is attached hereto as Exhibit E.

16.    Audi has also registered several other trademarks, including without limitation, A3®, A4®, A5®, A6®, A7®, Q3®, Q5®, Q7®, Q7 LOGO®, QUATTRO®, R8®, RS LOGO™, S LOGO®, S4®, S5®, S LINE®, TT® and TT LOGO® trademarks.  A table including all of Audi's live registrations for these trademarks is attached to the Verified Complaint as Exhibit F.

17.    Audi uses AUDI®, the AUDI RINGS®, and AUDI GRILLE DESIGN® and the other related trademarks (collectively the "Audi Marks") in commerce on their products and in connection with the advertisement and sale of the goods and services they offer.  Images depicting Audi's trademarks as they appear on Audi vehicles and advertisements as displayed on Audi's commercial

1  website at audiusa.com (last visited on August 23, 2017) are attached to the Verified

2  Complaint collectively as Exhibit G.

3  **B.   Volkswagen's Trademark Rights**

4       18.   Volkswagen AG is a world-famous automobile manufacturer that

5  sells VW automobiles and genuine parts and accessories through a network of

6  licensed VW dealerships.  VW also operates various websites, including without

7  limitation vw.com, through which consumers can purchase genuine VW parts,

8  automotive accessories and personal goods and accessories directly from VW. At

9  the core of VW is the world-famous and distinctive VW® brand which symbolizes

10 VW and its reputation and goodwill.

11      19.   VW first registered VOLKSWAGEN® as a trademark with the

12 USPTO in 1955 (U.S. Reg. No. 0,617,131), and has subsequently obtained

13 numerous other registrations for that mark.  A true and correct copy of the

14 registration certificate for VW's first registration of VOLKSWAGEN® is attached

15 to the Verified Complaint as Exhibit H.  A list of VW's U.S. trademark registrations

16 for VOLKSWAGEN® and trademarks that include VOLKSWAGEN® is attached

17 to the Verified Complaint as Exhibit I.  VW's registrations for VOLKSWAGEN®

18 are valid, unrevoked, subsisting, and incontestable, and constitute prima facie

19 evidence of VW's exclusive ownership of the VOLKSWAGEN® mark.

20      20.   At the core of Volkswagen is the VW® trademark.  VW first

21 registered VW® as a trademark with the USPTO in 1957 (U.S. Reg. No. 0,653,695),

22 and has subsequently obtained numerous other registrations for that mark.  A true

23 and correct copy of the registration certificate for VW's first registration of VW® is

24 attached to the Verified Complaint as Exhibit J.  A list of VW's U.S. trademark

25 registrations for VW® and trademarks that include VW® is attached to the Verified

26 Complaint as Exhibit K.  VW's registrations for VW® are valid, unrevoked,

27 subsisting, and incontestable, and constitute prima facie evidence of VW's exclusive

28 ownership of the VW® mark.

21. VW first registered the VW LOGO® trademark (U.S. Reg. No. 0,631,649) with the USPTO in 1966, and has subsequently obtained numerous other registrations for that mark and registrations that include the VW LOGO® in them. A true and correct copy of VW's first VW LOGO® trademark is attached to the Verified Complaint as Exhibit L. A table including all of VW's live registrations for the VW LOGO® and trademarks that include the VW LOGO® is attached to the Verified Complaint as Exhibit M. VW's registrations for the VW LOGO® marks are valid, unrevoked, subsisting, and incontestable, and constitute prima facie evidence of VW's exclusive ownership of the VW LOGO® marks. An image depicting the VW LOGO® trademark as it appears on VW vehicles is displayed below for reference:



22. VW has also registered several other trademarks, including without limitation, BEETLE®, BUG®, CABRIO®, GLI®, GTI®, GOLF®, JETTA®, PASSAT®, ✔® (or R LINE FLAG), R LOGO®, R-LINE®, R LINE LOGO®, RABBIT®, RABBIT LOGO®, TDI®, TOUAREG®, VR6® and WOLFSBURG LOGO® trademarks. A table of VW's live registrations for these trademarks is attached to the Verified Complaint as Exhibit N.

23. VW uses VOLKSWAGEN®, VW®, the VW LOGO® and other related trademarks (collectively the "VW Marks") in commerce on their products and in connection with the advertisement and sale of the goods and services they offer. Images depicting VW's trademarks as displayed on VW vehicles and

advertisements on VW's commercial website at vw.com (last visited on August 23, 2017) are attached to the Verified Complaint collectively as Exhibit O.

24.   Audi and VW use the above-referenced trademarks (collectively the "Audi and VW Marks") to identify their products and services.  In addition to producing high-quality vehicles, Audi and VW produce automotive parts and accessories for their vehicles, including without limitation, vehicle grilles and badges bearing the Audi and VW Marks.

25.   Audi and VW have each spent hundreds of millions of dollars and have expended significant effort in advertising, promoting and developing their trademarks and trade dress throughout the world.  As a result of such advertising and expenditures, Audi and VW have established considerable goodwill in their trademarks.  The Audi and VW Marks have become widely known and recognized throughout the world as symbols of high quality automotive goods and services. The Audi and VW Marks are world-famous and distinctive, and have become associated by the consuming public exclusively with Audi and VW, respectively. The Audi and VW Marks are invaluable assets of substantial and inestimable worth to Audi and VW.

## C.   Defendants' Unlawful Use of the Audi and VW Marks

26.   Defendants are not in any way affiliated with, authorized by, or sponsored by Audi or VW and have no authority to use the Audi and VW Marks. Despite their lack of affiliation, authorization, or sponsorship, Defendants unlawfully use the Audi and VW Marks by advertising and selling merchandise bearing counterfeits and/or close and confusingly similar versions of the Audi and VW Marks.  Defendants' counterfeit merchandise competes directly and indirectly with Audi's and VW's genuine goods.

27.   Defendants sell automotive grilles and badges that that incorporate Audi's and VW's world-famous, trademarked words and designs and sell these

complaint.cmp.docx

10.

knockoff goods on the Internet using, among other methods, the domain name audibadges.com and its commercial website.  A copy of the WhoIs record for audibadges.com is attached to the Verified Complaint as Exhibit P.1 and a printout of the homepage for audibadges.com is attached to the Verified Complaint as Exhibit P.2.

28.   On or about May 22, 2017, Plaintiffs conducted a test purchase of decals and tire valve stem caps from *eurobadgez.com*, all of which incorporated the Audi Marks and none of which are authorized or licensed by Plaintiffs.

29.   On or about May 26, 2017, Plaintiffs received a package in the mail from "Auto Accessories" with a return address of 3727 W Magnolia Blvd 825, Burbank, California 91505.  Images depicting the mailing label and the contents of the package received by Plaintiffs are set forth below:



Mailing Label

Unauthorized AUDI RINGS® valve stem caps and decals.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Front of advertising image and decal installation instructions for

*audibadges.com* and *eurobaddgez.com*

Back of advertising image and decal installation instructions for

*audibadges.com* and *eurobaddgez.com*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Unauthorized AUDI RINGS® and S LINE LOGO® decals.

30.   On August 9, 2017, Plaintiffs conducted a second test purchase of an item listed by Defendants on *audibadges.com*.  The purchased item was listed as "Item# 2013 RS MESH GRILL A4 B85 GLOSS BLACK."

31.   Volkswagen Group of America, Inc. received a package from Defendants on Tuesday, August 22, 2017, from the return address of Kel, 323-804-6145, Auto Accessories, 1600 Vine St, Hollywood, CA 90028.  Images depicting the infringing goods purchased by Audi are set forth below:



13.

1

2

3

4

5

6

7

8

9

KEL
323-804-6145
AUTO ACCESSORIES
1600 VINE ST
HOLLYWOOD  CA 90028

Images depicting the packaging and mailing labels from Defendants' grille

purchased by Plaintiffs.

10

11

12

13

14

15

16

17

18

19

20

21





Order Details of the goods sold Defendants on *audibadges.com*.

22

23

24

25

26

27

28

Verified Complaint For Damages And Injunctive Relief

1
2
3
4
5
6
7
8
9
10
11
12
13



Paypal Details for Transaction ID - 1SP06705A5219943G



14
15
16
17
18
19
20
21
22

*"Item# 2013 RS MESH GRILL A4 B85 GLOSS BLACK" sold by Defendants*

23     32.   Defendants' unauthorized use of the Audi Marks on automotive

24   grilles for Audi vehicles constitutes a misappropriation of the Audi Marks and

25   associated good will, and is likely to cause potential purchasers of Defendants'

26   products and services, as well as the public at large, to believe that Defendants'

27   services and products are affiliated with, authorized, sponsored by, or endorsed by

28

Audi.  In addition, Defendants' wrongful use of the Audi Marks dilutes, tarnishes, and whittles away the distinctiveness of the Audi Marks.

33.   After further investigation, Plaintiffs discovered that Defendants are also selling various counterfeit automotive decals, badges, and nameplates, some of which are advertised as "OEM" and all of which incorporate the Audi and VW Marks.  Printouts of several of Defendants' online store advertisements for goods bearing counterfeits of the Audi and VW Marks are attached to the Verified Complaint collectively as Exhibit Q.

34.   Defendants' conduct is intentionally fraudulent, malicious, willful, and wanton.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## FIRST CLAIM FOR RELIEF

## (FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT UNDER 15 U.S.C. § 1114)

35.   Audi and VW reallege and incorporate herein the allegations above.

36.   Despite Audi's and VW's well-known prior rights in the Audi and VW Marks, Defendants have used and continue to use, without Audi's or VW's authorization, the Audi and VW Marks, or confusingly similar variations and imitations thereof, in connection with the advertisement, promotion, packaging and sale of Defendants' products and services.

37.   Defendants' use of the Audi and VW Marks is likely to cause consumer confusion as to whether Audi and VW endorse, sponsor, or license Defendants' products, or as to whether Defendants are somehow affiliated with Audi and VW.

38.   Defendants' actions constitute trademark counterfeiting and willful infringement of Audi's and VW's exclusive rights in the Audi and VW Marks in violation of 15 U.S.C. § 1114.

39.   Defendants' use of the Audi and VW Marks, or confusingly similar variations thereof, has been and continues to be done with the intent to cause confusion, mistake, and to deceive consumers and members of the public concerning the source and/or sponsorship of Defendants' products and services. Defendants have used counterfeits of the Audi and VW Marks in connection with their products with the knowledge that the marks are counterfeits and with the intent to use counterfeits.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

40.   As a direct and proximate result of Defendants' conduct, Audi and VW have suffered irreparable harm to the valuable Audi and VW Marks.  Unless Defendants are restrained from further infringement of the Audi and VW Marks, Audi and VW will continue to be irreparably harmed.

41.   Audi and VW have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

42.   As a direct and proximate result of Defendants' conduct, Audi and VW are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi and VW Marks pursuant to 15 U.S.C. § 1117.  Alternatively, Audi and VW are entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $500 and up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

## SECOND CLAIM FOR RELIEF

## (FALSE DESIGNATION OF ORIGIN AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(A))

43.   Audi and VW reallege and incorporate herein the allegations above.

44.   Defendants have knowingly used the Audi and VW Marks, or confusingly similar variations thereof in connection with the products and services

that Defendants manufacture, import, advertise, promote, and/or sell.  Defendants'
actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

45.   Defendants' use of the Audi and VW Marks is likely to confuse,
mislead or deceive customers, purchasers, and members of the general public as to
the origin, source, sponsorship, or affiliation of Defendants' services and products,
and is likely to cause such people to believe in error that Defendants' products and
services have been authorized, sponsored, approved, endorsed, or licensed by Audi
and VW or that Defendants are in some way affiliated with Audi and VW.

46.   By reason of Defendants' actions, Audi and VW have suffered
irreparable harm to the Audi and VW Marks.  Unless Defendants are restrained from
their actions, Audi and VW will continue to be irreparably harmed.

47.   Audi and VW have no remedy at law that will compensate for the
continued and irreparable harm that will be caused if Defendants' acts are allowed
to continue.

48.   As a direct and proximate result of Defendants' conduct, Audi and
VW are entitled to the equitable remedy of an accounting for, and a disgorgement
of, all revenues and/or profits wrongfully derived by Defendants from their
infringing and diluting use of the Audi and VW Marks pursuant to 15 U.S.C.
§ 1117.

### THIRD CLAIM FOR RELIEF

**(TRADEMARK AND TRADE DRESS DILUTION**

**UNDER 15 U.S.C. § 1125(C))**

49.   Audi and VW reallege and incorporate herein the allegations above.

50.   The Audi and VW Marks have become famous and distinctive
worldwide through Audi's and VW's continuous and exclusive use of them in
connection with Audi's and VW's products and services.

51.   Because Audi's and VW's products and services have gained a reputation for superior quality, durability, and performance, the Audi and VW Marks have gained substantial renown.

52.   Defendants have willfully and intentionally used and continue to use the Audi and VW Marks or confusingly similar variations thereof in connection with the advertisement, promotion, and sale of Defendants' products and services.

53.   Defendants' use of the Audi and VW Marks, and confusingly similar variations thereof, has caused and continues to cause irreparable injury to and actual dilution of the Audi and VW Marks' distinctive quality in violation of Audi's and VW's rights under 15 U.S.C. § 1125(c).  Defendants' wrongful use of the Audi and VW Marks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Audi and VW Marks.

54.   Defendants have used and continue to use the Audi and VW Marks, and confusingly similar variations thereof, willfully and with the intent to dilute the Audi and VW Marks, and with the intent to trade on the reputation and goodwill of Audi and VW and of the Audi and VW Marks.

55.   As a direct and proximate result of Defendants' conduct, Audi and VW have suffered irreparable harm.

56.   Unless Defendants are enjoined, the Audi and VW Marks will continue to be irreparably harmed and diluted.  Audi and VW have no adequate remedy at law that will compensate for the continued and irreparable harm Audi and VW will suffer if Defendants' actions are allowed to continue.

57.   Defendants have used and continue to use the Audi and VW Marks, and counterfeits thereof, willfully and with the intent to dilute the Audi and VW Marks, and with the intent to trade on the reputation and goodwill of Audi and VW and of the Audi and VW Marks.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1111(a).

Verified Complaint For Damages And Injunctive Relief

58.   As a direct and proximate result of Defendants' conduct, Audi and VW are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi and VW Marks pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF

### (CYBERPIRACY UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT OR "ACPA", 15 U.S.C. § 1125(D))

59.   The allegations set forth above are incorporated herein by this reference.

60.   On or about August 30, 2011, Defendants registered and since have commercially used the Internet domain name audibadges.com, that is identical, confusing similar to, and/or dilutive of the distinctive and famous AUDI® trademark.

61.   AUDI® was distinctive and famous decades before the registration of audibadges.com.

62.   Defendants will continue to use audibadges.com in commerce to forward Internet traffic to their commercial.  Defendants' misappropriation of the Audi Marks in the domain name audibadges.com will continue to cause irreparable injury to Audi and the public unless Defendants are restrained and enjoined.

63.   Audi has no adequate remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts of cyberpiracy continue.

64.   Audi is entitled to an injunction, requiring the transfer audiup.com to Audi.

65.   In addition, Audi is entitled to damages, including statutory damages under the ACPA in the amount of $100,000 per domain name, in addition to its costs and attorney fees in bringing this action.

Verified Complaint For Damages And Injunctive Relief

**PRAYER FOR RELIEF**

**WHEREFORE**, Audi and VW pray for judgment against Defendants as follows:

1.     Under all claims for relief, that a preliminary and permanent injunction be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunctions, from:

(a)   imitating, copying, or making unauthorized use of any of the Audi and VW Marks, counterfeits thereof, or any confusingly similar variations thereof;

(b)   importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or any confusingly similar variation of any of the Audi and VW Marks;

(c)   using any simulation, reproduction, counterfeit, copy or confusingly similar variation of the Audi and VW Marks or trade dress in Defendants' business name or in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

(d)   using any false designation of origin or false description, including without limitation, any letters or symbols constituting the Audi and VW Marks or trade dress, or performing any act, which can, or is likely to lead members of the trade or public to believe that Defendants and/or any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Audi or VW, or is sold, manufactured, licensed, sponsored, approved or authorized by Audi or VW;

(e)   transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or

control bearing a design or mark substantially similar to any or all of the Audi and VW Marks;

(f) engaging in any other activity constituting unfair competition with Audi and VW with respect to the Audi and VW Marks, or constituting an infringement of any or all of the Audi and VW Marks, or of Audi's and VW's rights in, or to use or exploit, any or all of the Audi and VW Marks or trade dress;

(g) registering, trafficking in, or using any domain names incorporating the Audi and VW Marks, or any confusingly similar variations thereof; and

(h) instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

2. Under all claims for relief, for an order enjoining Defendants from selling, distributing, discarding, giving away or otherwise disposing of Defendants' goods bearing counterfeits of the Audi and VW Marks, and requiring Defendants to sequester said counterfeit goods, including without limitation, any grilles, automobile badges, floor mats, trunk mats, or other goods bearing the Audi and VW Marks as described in this Verified Complaint in a separate and safe location at Defendants' place or places of business, as well as all business records related thereto, including any computers or other digital media containing such business records to be made available for Audi and VW and their representatives to examine, photograph, and/or copy any such goods and information;

3. For an order directing Defendants to deliver to Audi and VW and their counsel for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using any or all of the Audi or VW Marks or any confusingly similar variation

thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

4.   For an order requiring Defendants to change their trade name and/or business name from "Audi Badges" to another name that does not include or incorporate the Audi and VW Marks or any confusingly similar versions thereof.

5.   For an order directing such other relief as the Court may deem appropriate to prevent consumers and public in general from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Audi or VW or related in any way to Audi's or VW's products or services.

6.   For an order directing Defendants to file with the Court and serve upon Audi's and VW's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

7.   For an order permitting Audi and VW, and/or auditors for Audi and VW, to audit and inspect the books and records of Defendants for a period of six months after entry of final relief in this matter to determine the scope of Defendants' past use of the Audi and VW Marks, including all revenues and sales related to Defendants' use of the Audi and VW Marks, as well as Defendants' compliance with orders of this Court.

8.   For an award of Audi's and VW's costs and disbursements incurred in this action, including Audi's and VW's reasonable attorneys' fees under 15 U.S.C. § 1117(a).

9.   For an order requiring Defendants to file with the Court and provide to Audi and VW an accounting of all sales and profits realized through Defendants' use of the Audi and VW Marks and any counterfeits thereof.

10.   For judgment in an amount equivalent to three times Defendants' profits and reasonable attorneys' fees because of Defendants' intentional, willful

Verified Complaint For Damages And Injunctive Relief

1  and knowing use of counterfeits of the Audi and VW Marks pursuant to 15 U.S.C. §

2  1117(b).

3      11.   Alternatively, for an award of statutory damages pursuant to 15

4  U.S.C. § 1117(c) of not less than $1,000 and up to $2,000,000 per counterfeit mark

5  per type of goods sold, offered for sale, or distributed.

6      12.   For an order pursuant to 15 U.S.C. § 1125(d)(1)(C), requiring

7  Defendants to transfer the domain name audiup.com, and any other domain names

8  within their possession or control that incorporate the Audi and VW Marks, to Audi

9  and VW.

10     13.   For an award of statutory damages pursuant to 15 U.S.C. § 1117(d)

11  of not less than $1,000 and up to $100,000 per domain name registered by

12  Defendants and incorporating the Audi and VW Marks.

13     14.   For an award of interest, including pre-judgment interest on the

14  foregoing sums.

15     15.   For such other and further relief as the Court may deem just and

16  proper.

17  DATED:  September 12, 2017                Philip E. Smith
                                            Michael W. Ellison
18                                           SMITH ♦ ELLISON

19

20                                           By:   /S/  PHILIP E. SMITH
                                                 Philip E. Smith
21                                               Attorneys for Plaintiffs
                                                 AUDI AG, VOLKSWAGEN AG,
22                                               and VOLKSWAGEN GROUP OF
                                                 AMERICA, INC.
23

24

25

26

27

28

complaint.cmp.docx                    24.

## VERIFICATION

Dana A. Cizmadia, declares:

That she is employed by Volkswagen Group of America, Inc as Brand Protection and Marketing Compliance Specialist; that she has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within her personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that she is informed that the facts stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of September 2017 in Herndon, Virginia.

Dana A. Cizmadia

Verified Complaint For Damages And Injunctive Relief